IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| THERON DENARD DILL,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>OFFICER MELTON E. JOHNSON,<br>in his individual capacity,<br><br>　　　Defendant. | CIVIL CASE NO.: |

## **COMPLAINT FOR DAMAGES**

This is a civil rights action under 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments of the United States Constitution. Theron Dill ("the Plaintiff") alleges that he was illegally and unconstitutionally detained and arrested by Officer Melton Johnson ("the Defendant") of the Atlanta Police Department and subjected to excessive force.

*Parties*

1.　　　Plaintiff Theron Dill is a resident of the State of Georgia, United

1

States citizen, and over the age of eighteen.

2. Defendant Melton Johnson is a police officer employed by the City of Atlanta Police Department and assigned to Zone 3. The headquarters of Zone 3 are located at 880 Cherokee Ave. in Fulton County, Georgia.

3. Defendant resides in the Northern District of Georgia.

4. At all times relevant to this lawsuit, Defendant acted under the color of law.

5. The Defendant is sued in his individual capacity.

*Jurisdiction and Venue*

6. This case presents a federal question and this Court has subject matter jurisdiction under 28 U.S.C. § 1331.

7. This Court has personal jurisdiction of the Defendant under 28 U.S.C. § 1367 and GA. CONST., art. I, § 1, ¶¶ V, XIII.

8. Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391(b) because all actions complained of occurred within the boundaries of this judicial district and Defendant resides within this

district.

*Statute of Limitations*

9. This lawsuit was originally filed on November 10, 2016 and was assigned case no. 1:16-cv-3763-TCB.

10. The parties stipulated to the dismissal of the case without prejudice on May 11, 2017 under Rule 41(a)(1)(ii).

11. This action is filed within six months of the date of the lawsuit's previous dismissal.

12. This subsequent action is timely filed under Georgia's renewal statute, O.C.G.A. § 9-2-61(a), which governs the statute of limitations in § 1983 actions and permits the dismissal and re-filing of a lawsuit after six months, even if the statute of limitations has has lapsed.

*Facts Giving Rise to Plaintiff's Claim*

13. On 11 October 2014, at approximately 3:00pm, Plaintiff was walking on a sidewalk on Pryor Road in Atlanta, Fulton County, after leaving a Chevron Food Mart.

14. At the same time, Officer Johnson was traveling north bound on Pryor

Road in his police cruiser when he spotted the Plaintiff.

15. At some point before the encounter Officer Johnson was advised of a "criminal trespass call" regarding a "male refusing to leave the store."

16. The 911 call taker advised Officer Johnson that the male in question was wearing a red shirt and jacket.

17. The Plaintiff was wearing a red hoodie.

18. Officer Johnson stopped his vehicle next to the Plaintiff, exited the vehicle and detained Plaintiff such that Plaintiff was not free to leave.

19. Officer Johnson did not ask the Plaintiff for his ID or ask any other questions; instead Officer Johnson became immediately hostile toward Plaintiff and pepper sprayed the Plaintiff.

20. Before being pepper sprayed, Plaintiff did not commit any act of obstruction or resistance.

21. Officer Johnson then knocked the Plaintiff to the ground.

22. Officer Johnson also pepper sprayed the Plaintiff after knocking him to the ground.

23. After Plaintiff was on the ground, he did not resist Officer Johnson or

engage in any conduct that would warrant the continued use of force.

24. Officer Johnson nevertheless repeatedly kicked and otherwise assaulted the Plaintiff while the Plaintiff was on the ground.

25. At no point did the Plaintiff resist Officer Johnson.

26. At no point during the encounter did Plaintiff pose any threat to Officer Johnson or any other person.

27. Officer Johnson did not reasonably fear for his own safety or the safety of another person at any time during the encounter with the Plaintiff.

28. The encounter took place in the street and there was a danger of both Officer Johnson and the Plaintiff rolling in front of oncoming traffic as a result of Officer Johnson's handling of the Plaintiff.

29. Officer Johnson handcuffed the Plaintiff and placed him under arrest.

30. Due to the injuries sustained at the hands of Officer Johnson another officer (Officer Tealer) transported the Plaintiff to Grady Hospital Emergency Room.

31. After being discharged from Grady, Plaintiff was transported to the

City of Atlanta detention center and incarcerated.

32. As a result of Plaintiff's arrest and the force used by Officer Johnson, Plaintiff suffered a loss of his liberty, humiliation, emotional distress, and physical pain and suffering.

*Plaintiff's Subsequent Criminal Charges*

33. Plaintiff was prosecuted in the Municipal Court of Atlanta.

34. Plaintiff was initially charged with two counts of violation of City of Atlanta Ordinance Code Sec. 106-81 – Disorderly Conduct.

35. Specifically the Plaintiff was charged with violating City of Atlanta Ordinance Code Section 106-81(1) (acting violent with another) and Section 106-81(7) (physically obstructing another).

36. Both charges against the Plaintiff were dismissed.

*Count I*

37. This Count is brought under 42 U.S.C. § 1983 for the use of excessive force in arresting Plaintiff and violating his rights secured by the Fourth Amendment of the United States Constitution.

38. It is clearly established law that under the Fourth Amendment, a law

enforcement officer may not use force when arresting an individual who is compliant and not resisting.

39. It is clearly established law that under the Fourth Amendment, a law enforcement officer may not continue to use force when arresting an individual who has already been subdued.

40. Officer Johnson used excessive force by pepper spraying Plaintiff, knocking him to the ground, kicking and otherwise beating the Plaintiff.

41. Officer Johnson's use of force was not reasonable under the circumstances and no reasonable officer could believe the level of force used by Officer Johnson against Plaintiff was necessary.

42. Even if some force was required to subdue Plaintiff, Officer Johnson's use of force was grossly disproportionate to that necessary to restore safety.

43. Officer Johnson's use of force caused Plaintiff to suffer substantial pain, injuries, medical expenses, psychological and emotional trauma, and economic loss.

*Count II*

44. This count is brought under 42 U.S.C. § 1983 for false arrest in arresting Plaintiff without probable cause and violating his rights secured by the Fourth Amendment of the United States Constitution.

45. There was no probable cause that the Plaintiff was trespassing as he was walking on a public sidewalk at the time of the stop.

46. There was no probable cause or arguable probable cause that the Plaintiff has committed any other criminal offense.

47. The information communicated to Officer Johnson by the 911 dispatcher did not provide any reasonable articulable suspicion to justify Plaintiff's initial detention.

48. It is clearly established law that an arrest that is not supported by probable cause violates the Fourth Amendment.

49. Officer Johnson did not act in good faith and did not have a reasonable belief that the Plaintiff committed any crime.

50. Officer Johnson's actions were unreasonable and a reasonable officer could not have found probable cause to arrest or detain the Plaintiff.

*Prayer for Relief*

Wherefore, Plaintiff respectfully requests that this Court:

a. award nominal, special, compensatory and punitive damages against the Defendant for each violation of the Plaintiff's constitutional rights in an amount to be proven at trial, including but not limited to damages for physical and psychological pain and suffering, lost wages, and medical expenses;

b. award pre-judgment and post-judgment interest;

c. award court costs and attorney's fees under 42 U.S.C. § 1988;

d. hold a trial by jury on all issues so triable; and

e. order such relief as the Court deems just and equitable.

Respectfully submitted this 10th day of November, 2017.

/s/Drago Cepar, Jr.
Drago Cepar, Jr.
Georgia Bar No. 142362

1900 The Exchange
Suite 490
Atlanta, Georgia 30339
Phone: 770-940-3233
Fax: 770-874-2987
dcepar@gmail.com

/s/Jeffrey R. Filipovits

Jeffrey R. Filipovits

Georgia Bar No. 825553

Filipovits Law, P.C.

2900 Chamblee Tucker Road

Building 1

Atlanta, GA 30341

Phone: 770-455-1350

Fax: 770-455-1449

jeff@law.filipovits.com

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing has been prepared in compliance with Local Rule 5.1(B) in Times New Roman 14-point typeface.

/s/ Drago Cepar, Jr.<br>
Jeffrey R. Filipovits